EZEKIEL E. CORTEZ
CA Bar No. 112808
ERIN J. LINDQUIST
CA Bar No. 249730
The Executive Complex
1010 Second Avenue,
Suite 1850, San Diego, CA 92101
Tel (619)237-0309 Fax (619)237-8052
Lawforjustice@aol.com

Attorneys for Defendant: Olivia Fimbres

**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
**(HONORABLE DANA M. SABRAW)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08 CR 0021 DMS |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S NOTICE OF MOTION AND MOTION FOR DISCOVERY, TO CONTINUE MOTION HEARING AND FOR LEAVE TO FILE ADDITIONAL MOTIONS** |
| v. | ) | |
| OLIVIA FIMBRES, | ) | |
| Defendant. | ) | |
| | ) | **Date: February 1, 2008** |
| | ) | **Time: 11:00 a.m.** |

**TO: KAREN P. HEWITT, UNITED STATES ATTORNEY AND CHRISTOPHER ALEXANDER, ASSISTANT UNITED STATES ATTORNEY:**

**PLEASE TAKE NOTICE** that on February 1, 2008, at 11:00 a.m., the defendant, Olivia Fimbres (hereinafter Mrs. Fimbres), by and through her counsel, Ezekiel E. Cortez, will move this Court to grant the motions listed above.

//

//

//

//

**MOTION**

Through her counsel, Ezekiel E. Cortez, and pursuant to Federal Rules of Criminal Procedure 12 and 16, the Fifth and Sixth Amendments to the United States Constitution, 18 U.S.C. § 3501, and applicable local rules, Mrs. Fimbres hereby moves this Court to grant her motions for discovery, to continue the motions hearing and for leave to file additional motions.

These motions are based upon the instant motion and notice of motion, the attached statement of alleged facts and memorandum of points and authorities, the files and records in this case, and all other matters which may be brought to this Court's attention before or during the hearing of this motion.

Respectfully submitted,

Dated: 17 January 2008

/S/*Ezekiel E. Cortez*
Ezekiel E. Cortez

/S/*Erin J. Lindquist*
Erin J. Lindquist
Attorneys for Defendant
Olivia Fimbres

EZEKIEL E. CORTEZ
CA Bar No. 112808
ERIN J. LINDQUIST
CA Bar No. 249730
The Executive Complex
1010 Second Avenue,
Suite 1850, San Diego, CA 92101
Tel (619)237-0309 Fax (619)237-8052
Lawforjustice@aol.com

Attorneys for Defendant: Olivia Fimbres

**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
**(HONORABLE DANA M. SABRAW)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>OLIVIA FIMBRES,<br><br>Defendant. | Case No. 08 CR 0021 DMS<br><br>**STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS**<br><br>**Date: February 1, 2008**<br>**Time: 11:00 a.m.** |

**I.**

**INTRODUCTION**

Motions in this case are scheduled to be heard on February 1, 2008. Therefore, motions must be filed today, January 16, 2008. Mrs. Fimbres is unable to file substantive and procedural motions at this time since she has not yet been provided even a single piece of discovery in this case. The only two documents in Mrs. Fimbres's possession regarding this case are the Complaint and the Indictment.

Mrs. Fimbres's investigators attempted to access Border Field State Park, where Mrs. Fimbres was arrested, to view, take photos and draft diagrams of the area. However, this area

has been closed off to vehicles for some time now. Because counsel for Mrs. Fimbres still have no documents, photographs, statements, nor any other piece of discovery, at this time it is not possible for Mrs. Fimbres to even determine what motions are necessary, although upon information and belief a reasonable suspicion motion may become necessary.

Upon information and belief, counsel for Mrs. Fimbres are informed that the United States authorities provided a press release to the media in Mexico regarding this case. Mrs. Fimbres's counsel have not been able to obtain the substance of that release because the television company that the release was provided to has been unwilling to provide it. The same television company in Mexico has a video recording of the incident which they have refused to provide. However, it appears that the U.S. authorities may have in their possession a copy of that recording which will be included within a specific request below.

Until counsel for Mrs. Fimbres are provided discovery, the instant motions are the only motions that should be filed at this time. The motion hearing date of February 1, 2008 should be continued until a date when Mrs. Fimbres has been provided and had a chance to review the evidence alleged against her and she should be granted leave to file additional motions as deemed necessary and appropriate at that time.

## II.
## STATEMENT OF ALLEGED FACTS

As noted above, Mrs. Fimbres has not been provided with a scintilla of discovery thus far. Therefore, all facts recited herein have been taken solely from the Indictment and the Complaint in this case. Thus, the facts below are submitted here as mere allegations by the government subject to proof, contradiction and/or amplification.

A Complaint was filed in this case on December 17, 2007. That complaint was signed by Senior Patrol Officer, Terri L. Dimolios, and United States Magistrate Judge, William

McCurine, Jr. The complaint alleged only two counts and complained against only two defendants: Cesar Ricardo Fimbres-Perez (hereinafter Cesar Fimbres) and Olivia Fimbres. Count One alleged that on December 15, 2007, Cesar Fimbres and Mrs. Fimbres willfully aided and assisted an excludable alien, Miguel Fimbres-Perez (hereinafter Miguel Fimbres) to enter the United States in violation of 8 U.S.C. § 1327. Count Two alleged that on December 15, 2007, Mrs. Fimbres forcibly assaulted, resisted, opposed and impeded and interfered with Agent L. Pino of the U.S. Border Patrol while Agents L. Pino and L. Ramos were performing their official duties in violation of 18 U.S.C. § 111 and 1114.

The "Probable Cause Statement" attached to the Complaint alleged that on December 15, 2007, Border Patrol Agent L. Ramos observed who the Government identifies as Miguel Fimbres and Cesar Fimbres enter the United States without inspection at Border Field State Park, walk a few yards and then return to Mexico. They repeated this action twice before entering a third time and continuing further into the United States.

Agent Vito approached the men on foot about 150 yards north of the international fence. Agent Pino, who was working in plain clothes as a member of a quick response team, also responded to assist Agent Vito. The men alleged to be Cesar & Miguel Fimbres allegedly claimed to be U.S. citizens that were just "messing around with Border Patrol," that didn't mean any harm and wanted to return to Mexico. Instead, the Agents brought them to the Border Field State Park lower parking lot to perform record checks where they were met by Agent Ramos. Cesar Fimbres was interviewed by Agent Ramos and Miguel Fimbres was interviewed by Agent Vito.

While being interviewed, Miguel Fimbres began to walk south towards Mexico. He ignored Agent Ramos's order to stop and when he refused to stop walking towards Mexico,

Agent Ramos physically attempted to prevent him from returning to Mexico by wrestling him to the ground. Miguel Fimbres was able to escape Agent Ramos's grasp by getting to his feet, slipping out of his jacket and running south towards Mexico.

At this time, Park Ranger Jonathan Irwin blocked Miguel Fimbres's path with his department issued truck about twenty feet north of the border fence. Agent Pino intercepted Miguel Fimbres at this point, but apparently as Agent Pino attempted to apprehend him, Miguel Fimbres allegedly head butted him in the chest and started dragging Agent Pino towards the U.S./Mexico border fence. Both Agent Ramos and Ranger Irwin assisted Agent Pino but Miguel Fimbres allegedly continued to crawl and slowly inch his way closer to the border fence.

While Miguel Fimbres struggled with the two Border Patrol Agents and the Park Ranger, the Complaint alleges that Mrs. Fimbres, a United States citizen, illegally entered the United States and started to yell, "Leave him alone, let him go back to Mexico, He's my husband." It is further alleged that Mrs. Fimbres apparently started to pull all three officers off of her husband and supposedly assisted him by pushing her husband south towards Mexico. Every time the two agents and the park ranger would start to pull Miguel Fimbres away from the fence, Mrs. Fimbres allegedly would jump on top of her husband and grab Agent Pino's right arm causing him to lose his grip on Miguel Fimbres. Because Mrs. Fimbres allegedly attempted to push Agent Pino and Agent Ramos away from her husband, it was impossible for the agents to pull Miguel Fimbres away from the fence. Therefore, Agent Pino sprayed his "oleoresin capsicum" spray into Miguel Fimbres's face and also attempted to spray it into Mrs. Fimbres's eyes but the can was by then empty.

At this point, a it is alleged that a dozen or so onlookers from Mexico were allegedly watching and screaming at the agents as because the agents were attempting to arrest Miguel Fimbres. When the man identified as Miguel Fimbres grabbed the metal pillars that are part of the border fence, the onlookers began to assist him by grabbing his arms and after a short tug of war between the two agents, the park ranger and the onlookers in Mexico, the onlookers successfully pulled him into Mexico where he presumably remains today. Cesar Fimbres and Mrs. Fimbres were then arrested and transported to the Imperial Beach Border Patrol Station for processing.

Thereafter, on January 2, 2008, an Indictment was filed by the grand jury[1], adding four additional counts to those listed in the Complaint and adding as a co-defendant Miguel Fimbres, a person who is presumably not in custody.

Count One alleges that Cesar Fimbres aided and assisted Miguel Fimbres, an excludable alien, to enter the United States in violation of 8 U.S.C. § 1327 and 18 U.S.C. § 2.

Count Two alleges that Mrs. Fimbres grabbed Agent Pino's arm and pushed him while Agent Pino was performing his official duties which interfered with the arrest of Miguel Fimbres, in violation of 18 U.S.C. § 111(a)(1), a felony.

Count Three alleges that Mrs. Fimbres pushed Agent Ramos while Agent Ramos was performing his official duties which interfered with the arrest of Miguel Fimbres, in violation of 18 U.S.C. § 111(a)(1), a felony.

[1] Mrs. Fimbres entered into plea negotiations pre-indictment, however, negotiations were abruptly terminated by the government before Mrs. Fimbres was allowed sufficient time to consider an offer. Without prior notice, Mrs. Fimbres was indicted before the plea negotiations had reached any meaningful significance.

Count Four alleges that Miguel Fimbres head butted Agent Pino in the chest and attempted to drag him towards the United States Mexico Border while Agent Pino was performing his official duties, in violation of 18 U.S.C. § 111(a)(1), a felony.

Count Five alleges that Miguel Fimbres attempted to enter the United States after having been previously removed from the United States to Mexico in violation of 8 U.S.C. § 1326 (a) and (b).

Finally, Count Six alleges that Mrs. Fimbres aided and abetted the escape of Miguel Fimbres from the custody of Agent Pino, who held Miguel Fimbres by virtue of his lawful arrest for violation of 8 U.S.C. § 1326, all in violation of 18 U.S.C. § 751(a) and 18 U.S.C. § 2.

Until the government produces discovery, these are the limited allegations of fact that Mrs. Fimbres currently has at her disposal.

## III.

## MOTION FOR DISCOVERY

Pursuant to the Fifth and Sixth Amendments to the United States Constitution, the dictates of *Kyles v. Whitley*, 115 S.Ct. 1555 (1995), *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976), *United States v. Bagley*, 473 U.S. 667 (1985), and Fed. R. Crim. P. 16, Mrs. Fimbres hereby formally requests and respectfully moves for an entry of an order requiring the government to disclose and provide the following specific information and material known, or that with the exercise of due diligence should be known to the government. Mrs. Fimbres requests the government to disclose, and in the case of tangible items, produce for inspection and copying, all evidence in its possession, custody or control which may be relevant to the issues of guilt or innocence or mitigation at sentencing,

or which could lead to such material or favorable evidence. Such disclosure and production is to include, but is not limited to:

//

**REQUEST NO. 1**

Mrs. Fimbres specifically requests that all videotapes, dispatch tapes, or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved.

**REQUEST NO. 2**

All arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding Mrs. Fimbres's arrest. This request includes, but is not limited to any rough notes, records, reports, transcripts or other documents in which statements of Mr. Fimbres or any other discoverable material is contained.

**REQUEST NO. 3**

Specific dates and times when Mrs. Fimbres was interviewed or contacted by any agent of the United States. This request includes a request for all memoranda, reports, recordings, photographs and/or any other record made of such contacts and the substance of any conversations.

**REQUEST NO. 4**

All documents and tangible objects, including, but not limited to videotapes, recordings, transcripts, reports or notes relating or referring to, or constituting, containing or reflecting any statement by Mrs. Fimbres, written, recorded, or oral, whenever and to whomever made.

**REQUEST NO. 5**

With regard to all conversations within the scope of Request No. 2, Mrs. Fimbres requests production of:

(a) the name & address of the person to whom such statement was made;

(b) the name of the person making the statement;

(c) the date on which the statement was made; and

(d) the location where the statement was made.

**REQUEST NO. 6**

The substance of any oral statement, which the government intends to offer in evidence at the trial, made by Mrs. Fimbres, whether before or after her arrest, in response to interrogation by any government agency.

**REQUEST NO. 7**

All recorded conversations, electronic, mechanical, stenographic, or otherwise, of any defendant or any other person, whether or not acting on behalf of the government, which is relevant to the subject matter charged in the indictment in this case, and which is in the possessions, custody, or control of the government, within the meaning of 18 U.S.C. § 3504.

**REQUEST NO. 8**

All books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the issue of guilt or innocence or are mitigating for sentencing as downward adjustments and/or 3553(a) factors, or are intended for use by the government as evidence in chief at the trial.

**REQUEST NO. 9**

All books, papers, documents, photographs, tangible objects, copies or portions thereof, which were obtained from Mrs. Fimbres or which belong to her.

//

**REQUEST NO. 10**

All videotapes, or other aural and visual recordings, transcripts thereof, investigative reports, summaries, memoranda and/or notes relating or referring in any way, directly or indirectly to Mrs. Fimbres and the instant charges.

**REQUEST NO. 11**

All results or reports of physical or mental examinations, and or scientific tests or experiments or copies thereof, which are within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the issue of guilt or innocence or are intended for use by the government as evidence in chief at the trial.

**REQUEST NO. 12**

All documents and tangible objects, including, but not limited to, videotapes, recordings, transcripts, reports or notes relating or referring to, or constituting, containing or reflecting any act by any defendant or any other person which the government intends to offer in evidence at the trial or to attribute to Mrs. Fimbres or which the government considers may constitute an act in furtherance of the alleged crimes in this case.

**REQUEST NO. 13**

All videotapes, recordings, transcripts, photographs, diagrams, charts, or other demonstrative evidence to be offered by the government in the trial of this case or relating to the offenses charged.

**REQUEST NO. 14**

(a) All reports of surveillance of Mrs. Fimbres or of any of the defendants herein;

(b) all notes of any federal, state, local or foreign official, employee, agent, or informant concerning his/her surveillance or investigation in this case.

**REQUEST NO. 15**

All documents that describe contacts of whatever sort made by federal agents, or any state, local or foreign agents, involved in the investigation of this case, or any other individuals cooperating with the government in the investigation of this case.

**REQUEST NO. 16**

All documents, tangible objects, or other information which will tend to exculpate Mrs. Fimbres of any of the allegations in the Indictment, or that will be favorable to her, or could reasonably weaken or overcome testimony adverse to the defendants given by government witnesses, including, but not limited to:

(a) All documents, tangible objects, or information tending to show or indicate that Mrs. Fimbres did not *knowingly or intentionally* commit any or all of the offenses charged against her;

(b) The names and address of any persons who have evidence, documents, tangible objects or information tending to exculpate Mrs. Fimbres of any allegations in the indictment, or who have evidence, documents, tangible objects or information which can reasonably weaken or overcome testimony adverse to the defendants given by any government witness; and

(c) The names of all persons interviewed by Government agents and other employees of the Justice Department, or by agents of any state or local agency or agents of any

foreign government for whom there are no interview reports, together with a report showing whether notes of the interview were taken contemporaneously with the interview or subsequently, and if so, whether the notes were destroyed.

**REQUEST NO. 17**

Names and addresses of all persons that the government intends to call as witnesses at trial, together with their statements, whether they are recorded or not.

**REQUEST NO. 18**

All documents, tangible objects, and other information relating or referring to, or constituting, containing, reflecting or suggesting any bias or hostility of any witness for the government concerning this investigation. This is to include all *Henthorn* material.

**REQUEST NO. 19**

Copies of all documents containing allegations of fraud, deceit, perjury, or lack of candor concerning any person the government intends to call as a witness.

**REQUEST NO. 20**

The conviction record of all persons the government intends to call as witnesses at the time of trial, which convictions were punishable by death or imprisonment in excess of one year under the law under which the conviction was obtained, or which involved dishonesty or false statements, regardless of the punishment, within the meaning of Federal Rule of Evidence 609(a).

**REQUEST NO. 21**

All documents, tangible objects or other information relating to the testimony of witnesses whom the government will call at trial, which documents, tangible objects, or

information reflects materials that in any way contradict or are inconsistent with the anticipated trial testimony of the witnesses.

**REQUEST NO. 22**

Identify the dates, times, and locations of all prior testimony regarding events of this case by any person the government intends to call as a witness at the time of trial.

**REQUEST NO. 23**

(a) All evidence, documents, tangible objects, and other information exculpatory to Mrs. Fimbres, or favorable to her, or which could reasonably weaken or overcome testimony adverse to her given by any person, which was submitted to the grand jury for its consideration prior to the return of the indictment in this case;

(b) A list of the names of all witnesses appearing before the grand jury in connection with its investigation of the present case; and

(c) The names of all persons designated or sworn as grand jury agents or to whom grand jury material has been disclosed pursuant to the provisions of Rule 6 of the Federal Rules of Criminal Procedure.

Mrs. Fimbres requests that the above materials be made available to counsel as soon as possible after the hearing on these motions in order to allow adequate time for review and to seek further discovery or to file such pretrial motions as may be appropriate.

**IV.**

**LEGAL BASIS FOR REQUEST**

Federal Rules of Criminal Procedure and long-standing precedent dictate that Mrs. Fimbres is entitled to timely discovery production by the government. According to the United States Supreme Court –

> Under the Due Process Clause of the Fourteenth Amendment, criminal prosecutions must comport with prevailing notions of fundamental fairness. We have long interpreted this standard of fairness to require that criminal defendants be afforded a meaningful opportunity to present a complete defense. To safeguard that right, the Court has developed 'what might loosely be called the area of constitutionally guaranteed access to evidence.' *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982). Taken together, this group of constitutional privileges delivers exculpatory evidence into the hands of the accused, thereby protecting the innocent from erroneous conviction and ensuring the integrity of our criminal justice system.

*California v. Trombetta*, 467 U.S. 479, 485 (1984).

The constitutionally guaranteed access to evidence includes a duty upon the government to disclose false testimony, false evidence and to turn over evidence that a witness has lied under oath. See, *Napue v. Illinois*, 360 U.S. 264, 269-272 (1959) - "It is of no consequence that the falsehood bore upon the witness' credibility rather than directly upon defendant's guilt. A lie is a lie, no matter what its subject, and, if it is in any way relevant to the case, the district attorney has the responsibility and duty to correct what he knows to be false and elicit the truth."

Furthermore, "criminal defendants are entitled to much more than protection against perjury." *Trombetta*, 467 U.S., at 485. Another important constitutionally protected privilege for the defendant is the right to request and obtain evidence from the prosecution that is material to either guilt ***or*** punishment of the defendant. See, *Brady v. Maryland*, 373 U.S. 83 (1963) - "Suppression by the prosecution of evidence favorable to an accused who has requested it violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Even in the absence of a specific request, the prosecution has a constitutional duty to turn over

exculpatory evidence that would raise a reasonable doubt about the defendant's guilt. *Trombetta*, 467 U.S., at 485 citing *United States v. Agurs*, 427 U.S. 97, 112 (1976). Evidence favorable to the accused includes material that bears on the credibility of witnesses and includes impeachment evidence. *United States v. Brumel-Alvarez*, 991 F.2d 1452, 1461 (9th Cir. 1992). "The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend." *Napue*, 360 U.S., at 269.

The government is under an obligation to seek out and disclose *Brady* evidence even if the evidence is not in its immediate possession. As stated by the Supreme Court – "The individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police. But whether the prosecutor succeeds or fails in meeting this obligation (whether, that is, a failure to disclose is in good faith or bad faith, see *Brady*, 373 U.S. at 87), the prosecution's responsibility for failing to disclose known, favorable evidence rising to a material level of importance is inescapable." *Kyles v. Whitley*, 514 U.S. 419, 437-438 (1995). Therefore, Mrs. Fimbres is entitled to the above requested evidence whether it is in the possession of the prosecution, Homeland Security, or any other agency of the government. See, *Giglio v. United States*, 405 U.S. 150, 154 (1972) - "The prosecutor's office is an entity and as such it is the spokesman for the Government." Further, "An individual prosecutor is presumed…to have knowledge of all information gathered in connection with his office's investigation of the case…" *United States v. Avellino*, 136 F.3d 249, 255 (2d. Cir. 1998).

**CONCLUSION**

For all of the foregoing reasons, Mrs. Fimbres requests this Court to grant her Motion for Discovery, to continue the February 1, 2008 date for motions hearing and for leave to file additional motions after the government has produced, and Mrs. Fimbres has had an opportunity to review, the discovery in this case.

Respectfully submitted,

Dated: 17 January 2008

/S/*Ezekiel E. Cortez*
Ezekiel E. Cortez

/S/*Erin J. Lindquist*
Erin J. Lindquist
Attorneys for Defendant
Olivia Fimbres

EZEKIEL E. CORTEZ
CA Bar No. 112808
ERIN J. LINDQUIST
CA Bar No. 249730
1010 Second Avenue, Suite 1850
San Diego, CA 92101
Tel (619) 237-0309 Fax (619) 237-8052

Attorneys for Defendant: Olivia Fimbres

**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
**(HONORABLE DANA M. SABRAW)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>OLIVIA FIMBRES,<br>Defendant. | Case No. 08 CR 0021 DMS<br>**DEFENDANT'S PROOF OF SERVICE** |

I, the undersigned, hereby declare as follows:

1. I am over 18 years of age, a resident of the County of San Diego, State of California, counsel for the Defendant and that my address is 1010 Second Avenue, Suite 1850, San Diego, CA 92101;

2. That today I served Defendant's Notice of Motion and Motion For Discovery, To Continue Motion Hearing, and For Leave to File Additional Motions on opposing counsel by causing to be delivered by e-filing to the Office of the Clerk; and that I mailed a copy to Defendant.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 17 January 2007

/S/*Ezekiel E. Cortez*
Ezekiel E. Cortez