SHS 12/18/00

FILED
00 DEC 14 PM 2:29
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

2002029556

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,
vs.
MIGUEL FIMBRES-PEREZ,
Defendant.

CASE NO. 00cr2308 JM

ORDER DENYING MOTION TO DISMISS INDICTMENT

Defendant moves to dismiss the indictment charging him with violation of 8 U.S.C. §1326 by collaterally attacking the underlying deportation proceeding. Defendant contends that the immigration judge violated his Fifth Amendment due process rights when he failed to inform him that he possessed a right to relief from deportation under 8 U.S.C. §1182(h). The government opposes the motion.

The motion to dismiss the indictment is denied on grounds that Defendant was not eligible to apply for a discretionary waiver of deportation under §1182(h). Section 1182(h) relief is specifically not available to permanent legal residents who have been convicted of aggravated felonies.

> No waiver shall be provided under this subsection in the case of an alien who has been convicted of . . . murder or criminal acts involving torture. . . . No waiver shall be granted under this subsection in the case of an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence if either since the date of such admission the alien has been convicted of an aggravated felony. . . .

8 U.S.C. §1182(h). Here, Defendant's convictions for the aggravated felonies of voluntary manslaughter and wilful cruelty to a child render him ineligible for relief. Because there is no plausible basis for §1182(h) relief, Defendant fails to raise a colorable due process violation or to

19

demonstrate prejudice.

Defendant contends that the present case falls squarely within the holding of United States v. Arrieta, 224 F.3d 1076 (9th Cir. 2000). In Arrieta the defendant had resided in the United States as an illegal alien for a number of years before he was convicted of forcible rape. After serving his sentence Arrieta was deported on grounds that he was an aggravated felon and had also entered the United States illegally. Because Arrieta never obtained permanent legal resident status,[1] the Ninth Circuit determined that Arrieta's claims are controlled by 8 U.S.C. §1228(b), the statute dealing with the expedited removal of aliens who are not permanent residents. However, §1228(b) is inapplicable to Defendant because he had obtained permanent legal resident status. Accordingly, Defendant cannot succeed on his collateral attack of the underlying deportation proceeding because he was ineligible for relief under §1182(h).[2]

In sum, the motion to dismiss the indictment is denied.

**IT IS SO ORDERED.**

DATED: 12/14 ,2000

JEFFREY T. MILLER
United States District Judge

cc: All parties

---

[1] Although at the time of oral argument defense counsel represented Defendant to have been a temporary legal resident, this argument is an obvious effort to circumvent the limitation of the Arrieta ruling. Defendant conceded in his written motion "that he possessed permanent legal residence."

[2] The court observes that the holding of Arrieta treats illegal aliens convicted of aggravated felonies differently from aliens who had lawfully entered the United States and obtained permanent legal residency. The court specifically does not reach any issue related to the disparate treatment between these two classes of aliens.