Case 3:00-cr-02308-JM Document 33 Filed 01/18/2002 Page 3 of 5

FILED
DEC 20 2001
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

NOT FOR PUBLICATION

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, vs. MIGUEL FIMBRES-PEREZ, Defendant - Appellant. | No. 01-50176<br>D.C. CR-00-02308-JTM<br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Argued and Submitted December 5, 2001
Pasadena, California

Before: PREGERSON, TASHIMA and BERZON, Circuit Judges.

Miguel Fimbres-Perez appeals his conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

Fimbres asserts that this court should reverse his conviction because the deportation underlying his conviction violated his right to due process. Fimbres

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit Rule 36-3.

argues that the due process violation occurred because the Immigration Judge who ordered Fimbres' deportation failed adequately to inform him of the availability of a waiver of deportation available under 8 U.S.C. § 1182(h). Although our precedent recognizes the viability of such a collateral attack, this precedent makes equally clear that in order for this claim to succeed a defendant must show that the due process violation caused him prejudice. *United States v. Muro-Inclan*, 249 F.3d 1180, 1182 (9th Cir. 2001).

In order to show prejudice, the defendant must demonstrate that he had a "plausible ground" for relief under § 1182(h) at the time of the underlying deportation proceeding. *Id.* Part of this showing includes a demonstration that the defendant's deportation arguably would impose an extreme hardship on his citizen family members. Fimbres asserts that he would have been eligible for a § 1182(h) waiver because his wife is a United States citizen. However, he made no showing whatever in the district court, nor did he argue before us, that his wife (or any other citizen relative upon whom a § 1182(h) waiver could be based) would have suffered hardship upon his deportation.

Because Fimbres has failed to demonstrate a necessary element of his claim, we deny his appeal and affirm the district court's judgment.

AFFIRMED.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

JAN 11 2002

by: [signature]
Deputy Clerk